# SUPREME COURT.

## WIDMER agt. GREENE and THOMPSON.

*Injunction restraining defendants from producing a play called M'liss — right to perform — Jurisdiction of state court.*

A state court has jurisdiction of an action to determine the rights of the respective parties under an agreement by defendant with plaintiff, for the exclusive right to have and perform a certain play.

Where, by an agreement dated February 7, 1878, the defendants in consideration of the covenants therein contained, conveyed and transferred to the plaintiff the sole right for America, to have and perform the play written by them, entitled M'liss; it was further agreed that unless the play was performed at least fifty times within one year from the date of the agreement, and forty times in each succeeding year, all the rights of plaintiff should cease and determine at the option of defendants, and that plaintiff at any time within one year on the tender of $5,000, should be entitled to an absolute conveyance of the right and title of said play from defendants, and that no change should be made in the contract, except in writing signed by the parties :

*Held,* that this · agreement vested the plaintiff ( until she had failed to keep some of the covenants on her part) with the sole right to "have and perform" the play in question in America.

*Held, further,* that plaintiff ·was entitled to an injunction restraining McDonough, to whom (without plaintiff's consent) defendants claim to have transferred the right to produce said play in America, from producing the same.

Plaintiff by the agreement succeeded to all the rights which the defendants had to produce the play in question in America, and the defendants parted with all right to authorize any other person to produce such play in America, as long as the plaintiff kept her agreement with them.

As the assignee or vendee of the defendants the plaintiff is entitled to the aid of this court as against those who seek to perform such play without her consent.

The rule that where there is a dispute as to the construction of an agreement between the parties, the court will not grant an injunction until

the effect of the agreement has been established at law, does not apply to this case.

*Special Term, September*, 1878.

MOTION to dissolve temporary injunction granted by judge DONOHUE to Kattie Mayhew, whereby Messrs. Green and Thompson, John E. McDonough and Messrs. Poole and Donnelly were restrained from producing a certain dramatization of Bret Harte's story of M'liss, at Niblo's theater.

*A. J. Dittenhoefer*, for plaintiff.

*C. W. Brooke*, for defendant.

LAWRENCE, *J*. — The objection to the jurisdiction of the court is not well founded. I am not called upon in this case to determine whether the plaintiff or the defendants Greene and Thompson have a valid copyright in the drama which is the subject of this controversy, nor to ascertain whether either of those parties is entitled to such a copyright (*Middlebrook* agt. *Broadbent*, 47 *N. Y.*, 444; *Burrall* agt. *Jewett*, 2 *Paige*, 134). This case turns upon the rights of the respective parties under the agreement dated February 7, 1878, which agreement it is within the power of this court to enforce.

By the agreement Greene and Thompson, in consideration of the covenants therein contained, conveyed and transferred to the plaintiff the sole right for America to have and perform the play written by them, entitled "M'liss."

The plaintiff agreed to pay Greene and Thompson ten dollars for each performance of the said play, and five per cent of the gross receipts of each performance. "After the sharing limit is passed, or in case the said Mayhew shall perform the said play, on a certainty to herself, she is to pay to Greene and Thompson the said sum of ten dollars for each performance, and ten per cent of her certainty." It was further agreed that the plaintiff should make returns and remittances to the

said Greene and Thompson, monthly, and that all payments should be made in gold coin of the United States or its equivalent.

It was further agreed that unless the play should be performed at least fifty times within one year from the date of the agreement, and forty times in each succeeding year thereafter, all the rights of said Mayhew in the play should cease and determine at the option of Greene and Thompson. It was further provided that the plaintiff should not make any transfer of her rights in the play without the written consent of Greene and Thompson, and that the plaintiff at any time within one year from the date of the agreement, on the tender of $5,000 in gold coin, should be entitled to have and receive an absolute conveyance of the right and title of the said play, for America, from the said Greene and Thompson, and that no change should be made in the contract except in writing signed by the parties. This agreement vests the plaintiff, until she has failed to keep some of the covenants on her part, with the sole right to "have and perform" the play in question in America.

It does not appear that there has been such a failure on the part of the plaintiff. It does not appear that there have been any performances of the play by her since the agreement was executed, nor that she has omitted to make any payments which, upon such performances under the agreement, would become due to Greene and Thompson. She yet has time to perform the play fifty times before one year from the date of the agreement has elapsed, and also to obtain an absolute conveyance of the right and title for America, upon the payment of the sum of $5,000. It is not pretended that the agreement of February 7, 1878, has been changed in the manner prescribed therein. Under these circumstances, I think it quite clear that Greene and Thompson were not authorized to make the transfer to the defendant, McDonough, which is referred to in the notice published in the New York Dramatic News, a copy of which is annexed to the complaint.

By that notice Greene and Thompson notify "all whom it may concern" that "we, the authors and proprietors of 'M'liss,' have transferred to John E. McDonough the sole right to produce it in America," and they "caution all managers against any infringement upon our registered copyright." The sole right to produce the play called "M'liss" in America was precisely what Greene and Thompson had conveyed to the plaintiff by the agreement of February 7, 1878, and as the plaintiff had in no respect violated or broken that agreement, Greene and Thompson were not authorized to make a conveyance to any other person.

I have read over the voluminous affidavits which were presented upon the motion and also the correspondence attached to the complaint and answer, together with the affidavits of the respective parties, and I fail to see any reason why the plaintiff's right to determine how and by whom the play of M'liss should be brought out or performed has been forfeited or abridged by any thing which passed between Greene and McDonough. Negotiations were entered into with Mr. McDonough to bring out the play, and the parties appear to have nearly reached a satisfactory arrangement, but as soon as it was communicated to the plaintiff that McDonough was to play as an "attraction," as the plaintiff expresses it in her reply to the letter from McDonough on June 8th, she refused to make the arrangement. To this position she seems to have adhered throughout, and when notified by McDonough that he would produce the drama on the 12th of August, employing another actress in her place, she replied, "If you do I will enjoin you." As I view this case, the plaintiff, by the agreement of February 7, 1878, succeeded to all rights which Greene and Thompson had to produce the play in question in America, and Greene and Thompson parted with all right to authorize any other person to produce such play in America as long as the plaintiff kept her agreement with them. There is nothing in the agreement which requires the plaintiff to perform the play at any particular period of the year, and provided

she performs it fifty times between February 7, 1878, and February 7, 1879, and makes the returns which the agreement calls for, her " sole right for America to have and perform " M'liss cannot be questioned or attacked. And, as the assignee or vendee of Greene and Thompson, the plaintiff is entitled to the aid of this court as against those who seek to perform such play without her consent (*Palmer* agt. *De Witt*, 47 *N. Y.*, 532; *Crowe* agt. *Aiken*, 4 *American Law Review*, 450; *Shook* agt. *Daly*, 49 *How. Pr. R.*, 366).

In *Palmer* agt. *De Witt* the court of appeals says: " The plaintiff has, for a valuable consideration, acquired the right to the first publication of this drama, as well as the right to represent the same upon the stage in the United States, and it is a right of pecuniary value. * * * As against the author and all the world the plaintiff has acquired, by the payment of a valuable consideration, an equitable right to the first printing and publishing of the drama here, and the right is within the cognizance of a court of equity."

And in *Shook* agt. *Daly*, where both parties claimed title by purchase of the manuscript from one Michaelis, judge CURTIS, in delivering the opinion says : " The defendant Daly states that he has substantially constructed a new and original play in the place of Rose Michel. If that has been done it is no answer to this application for an injunction. The author and his assignees, be they citizens or aliens, so far as the manuscripts and their rights therein are concerned, are protected by the law, and these cannot be impaired or infringed upon either directly or indirectly."

The defendant McDonough and the other defendants are seeking to perform the play against the plaintiff's consent. Neither he nor the defendants, the managers of the theater, can have any other rights than Greene and Thompson, and the latter, as long as the agreement of February 7, 1878, is in force, can confer no authority on any one to perform or produce " M'liss " without the plaintiff's consent. The learned counsel for the defendant has referred me to Curtis on Copy

Widmer agt. Greene.

rights, wherein the rule is laid down that where there is a dispute as to the construction of an agreement between the parties, the court will not grant an injunction until the effect of the agreement has been established at law. The soundness of this proposition is not denied, but in this case there can be, in my opinion, no dispute as to the construction which should be given to the agreement between the plaintiff and Greene and Thompson, and the plaintiff never acquiesced in the arrangement that the play should be produced with another person as " an attraction."

For these reasons I am of the opinion that the injunction granted by Mr. justice DONOHUE should be continued until the case can be tried.